**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DERRICK S. MAXEY,** | ) | CASE NO. 1:23 CV 1604 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **CUYAHOGA COUNTY JAIL, et al.,** | ) | AND ORDER |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Derrick S. Maxey, an inmate in the Lake Erie Correctional Institution, filed this action against the Cuyahoga County Jail, Aramark Services, and the Trinity Group Services. Plaintiff contends that while he was detained in the jail in June 2022, he found insects in one of his meals. He asserts claims for "violation of constitutional rights," negligence, breach of duty of care, products liability, and personal injury. He seeks $ 1,500,000.00 in damages. The Court, however, dismisses this action for the following reasons.

**I.     Background**

Plaintiff alleges that he was detained in the Cuyahoga County Jail on June 13, 2022. He states that on that morning, he was served a box meal for breakfast that consisted of prepackaged peanut butter, prepackaged jelly, bread and three snack bars. He claims that when he opened the peanut butter package, he noticed that it contained dead ants. He states that the package had not previously been opened. He notified corrections officers who bagged the peanut butter package to show to the warden and other jail officials. Plaintiff claims that the incident left him with trust issues concerning the safety of his meals. He alleges claims against the Defendants for

constitutional violations as well as state law claims of negligence, breach of duty of care, products liability, and personal injury.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff fails to state a claim for a constitutional violation against the Defendants. He does not allege any personal involvement of the Defendants, or any employee working for the Defendants. He states that the contaminated peanut butter package was unopened. He does not allege that any Defendant was involved in the manufacture or packaging of the peanut butter, nor does he explain his theory for holding these Defendants liable. Furthermore, the Complaint describes an isolated incident, not caused by any Defendant, that resulted in de minimus injury at best. The allegations in the Complaint do not rise to the level of a constitutional violation.

Plaintiff's remaining claims are state law tort claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims and this action is terminated.

### III.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: August 23, 2024